UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HOWARD, JOHN BYRNE, STEVEN SILVIO, MIKE FORD, MERCEDES ARIAS, DAVID CIOFFI, JR., MARIE CUNNINGHAM, CHRIS DELLORUSSO, JOHN FUSCO, JR., RONALD DISANO, ANGEL DUARTE, JOHN FAGONE, BRIAN GEEHON, WILLIAM HENNIGAN, ROBERT HUCKINS, JOHN JOYCE, SEAN LALLY, MICHAEL LAZZARO, CONNOR MALONEY, EDWARD MCAVEENEY, MICHELLE MCGONIGAL, KEVIN MCKENNA, MAUREEN MORRIS, MARK MURPHY, JAMES O'LEARY, VICTOR PEREZ, DANIEL TULLY, JOE OULETTE, LAWRENCE PARKS, MARK SHEEHAN, THERESA WALLING, EDWARD WALSH and ALL THOSE SIMILARLY SITUATED, Plaintiffs<br><br>v.<br><br>CITY OF MEDFORD<br>Defendant. | C.A. NO. 21-10497-IT<br><br>**LEAVE TO FILE GRANTED BY ORDER DATED JUNE 21, 2021, DOCKET NO. 18** |

# FIRST AMENDED COMPLAINT AND JURY DEMAND

## PARTIES

1. Plaintiff John Howard is a resident of Stoneham, Middlesex County, Commonwealth of Massachusetts.

2. Plaintiff John Byrne is a resident of Reading, Middlesex County, Commonwealth of Massachusetts.

3. Plaintiff Steven Silvio, is a resident of Medford, Middlesex County, Commonwealth of Massachusetts.

4. Plaintiff Mike Ford is a resident of Medford, Middlesex County, Commonwealth of Massachusetts.

5. Plaintiff Mercedes Arias is a resident of Tewksbury, Middlesex County, Commonwealth of Massachusetts.

6. Plaintiff David Cioffi, Jr. is a resident of Medford, Middlesex County, Commonwealth of Massachusetts.

7. Plaintiff Marie Cunningham is a resident of Billerica, Middlesex County, Commonwealth of Massachusetts.

8. Plaintiff Chris Dellorusso is a resident of Medford, Middlesex County, Commonwealth of Massachusetts.

9. Plaintiff John Fusco, Jr. is a resident of Medford, Middlesex County, Commonwealth of Massachusetts.

10. Plaintiff Ronald DiSano is a resident of Stoneham, Middlesex County, Commonwealth of Massachusetts.

11. Plaintiff Angel Duarte is a resident of Tewksbury, Middlesex County, Commonwealth of Massachusetts.

12. Plaintiff John Fagone is a resident of Revere, Suffolk County, Commonwealth of Massachusetts.

13. Plaintiff Brian Geehon is a resident of Dracut, Middlesex County, Commonwealth of Massachusetts.

14. Plaintiff William Hennigan is a resident of Medford, Middlesex County, Commonwealth of Massachusetts.

15. Plaintiff Robert Huckins is a resident of Medford, Middlesex County, Commonwealth of Massachusetts.

16. Plaintiff John Joyce is a resident of Dracut, Middlesex County, Commonwealth of Massachusetts.

17. Plaintiff Sean Lally is a resident of Medford, Middlesex County, Commonwealth of Massachusetts.

18. Plaintiff Michael Lazzaro is a resident of Woburn, Middlesex County, Commonwealth of Massachusetts .

19. Plaintiff Connor Maloney is a resident of Stoneham , Middlesex County, Commonwealth of Massachusetts.

20. Plaintiff Edward McAveeney is a resident of Medford, Middlesex County, Commonwealth of Massachusetts.

21. Plaintiff Michelle McGonigal is a resident of Groveland, Essex County, Commonwealth of Massachusetts.

22. Plaintiff Kevin McKenna is a resident of Weymouth, Norfolk County, Commonwealth of Massachusetts.

23. Plaintiff Maureen Morris is a resident of Dracut, Middlesex County, Commonwealth of Massachusetts.

24. Plaintiff Mark Murphy is a resident of Medford, Middlesex County, Commonwealth of Massachusetts.

25. Plaintiff James O'Leary is a resident of Medford, Middlesex County, Commonwealth of Massachusetts.

26. Plaintiff Joe Oulette is a resident of Medford, Middlesex County, Commonwealth of Massachusetts.

27. Plaintiff Lawrence Parks is a resident of Medford, Middlesex County, Commonwealth of Massachusetts.

28. Plaintiff Victor Perez is a resident of Haverhill, Essex County, Commonwealth of Massachusetts.

29. Plaintiff Daniel Tully is a resident of Medford, Middlesex County, Commonwealth of Massachusetts.

30. Plaintiff Mark Sheehan is a resident of Medford, Middlesex County, Commonwealth of Massachusetts.

31. Plaintiff Theresa Walling is a resident of West Peabody, Essex County, Commonwealth of Massachusetts.

32. Plaintiff Edward Walsh is a resident of Medford, Middlesex County, Commonwealth of Massachusetts.

33. Defendant Medford is a municipality organized under the laws of the Commonwealth of Massachusetts, and is located in Medford, Middlesex County, Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

34. Plaintiffs are employed as school custodians by Defendant Medford in the Medford Public Schools, which is an agency of Defendant Medford.

35. At all times relevant hereto, Plaintiffs and all similarly situated employees have been represented in collective bargaining by Teamsters, Local 25, and the terms and conditions of their employment, including their hours of work, wages for straight time work, and wages for work performed outside their regularly scheduled hours of work, have been established by collective bargaining, and set forth in duly bargained for collective bargaining agreements.

36. The most recent collective bargaining agreement, for the period July 1, 2018 through June 30, 2021,[1] will hereinafter be referred to as the "2018-21 CBA."

37. The previous CBA was in effect from July 1, 2015 to June 30, 2018.[2] Hereinafter, it will be referred to as 2015-18 CBA.

38. Hereinafter, the 2018-21 CBA and 2015-18 CBA will be referred to collectively as "the CBAs."

---

[1] Docket No. 1, Ex. 1, (hereinafter "Ex. 1"), Document 1-3.
[2] Docket No. 1, Ex. 2, (hereinafter "Ex. 2"), Document 1-4.

## SUBJECT MATTER JURISDICTION

39. This court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331, federal question.

## COUNT I
## Violation of 29 U.S.C. § 207(a) ("FLSA Overtime")
## Failure to Include Remuneration in the Regular Rate for the Purpose of FLSA Overtime

40. Plaintiffs repeat all allegations made herein.

41. Defendant Medford's employment of Plaintiffs and similarly situated employees is subject to the minimum wage and overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 206 and § 207 ("the FLSA").

42. The overtime requirement of the FLSA requires Defendant Medford to pay Plaintiffs overtime pay at 1.5 times their "regular rate of pay" for all hours they work in excess of 40 hours worked in their regularly recurring seven-day workweeks. 29 U.S.C. § 207(a)(1).

43. Hereinafter, the overtime Medford is required to pay Plaintiffs under the FLSA will be referred to as "FLSA Overtime."

44. Under the FLSA, the "regular rate" upon which FLSA Overtime must be based is an hourly rate of pay that is calculated by dividing an employee's total earnings in his normally recurring seven-day workweek by the number of hours the employee actually worked in the workweek.

45. With certain exceptions not applicable here, total earnings for the regular rate

calculation include not just straight time earnings, but "all remuneration for employment paid to, or on behalf of, the employee . . .." 29 U.S.C. § 207(e).

46. At times relevant hereto, the CBAs covering Plaintiffs and similarly situated employees have required Defendant Medford to pay Plaintiffs and similarly situated employees forms of remuneration, in addition to their straight time wages, which the FLSA required Defendant Medford to include in its regular rate calculations when calculating FLSA Overtime due Plaintiffs and similarly situated employees under the FLSA, including:

a. a 10% differential for "full night shifts established by the School Committee beginning at or after 2 p.m. and ending on or before 8 a.m. Monday through Friday and for Saturday and Sunday shifts"[3];

b. "longevity payments" in amounts that increase based on the employee's years of service;[4]

c. lump sum sick leave incentives based on sick leave usage;[5] and

d. an annual uniform allowance.[6]

47. During times relevant hereto, however, in the workweeks in which Plaintiffs have earned these forms of remuneration, Defendant Medford has not included them in calculating FLSA Overtime payments due Plaintiffs, because it has not included them

---

[3] Ex. 1 and Ex. 2, CBAs, Article 7, Salaries and Rates of Pay, § 6.
[4] Ex. 1 and Ex. 2, CBAs, Article 7, Salaries and Rates of Pay, § 7.
[5] Ex. 1 and Ex. 2, CBAs, Article 13, Sick Leave, § 5.
[6] Ex. 1 and Ex. 2, CBAs, Article 12, Uniforms, § 1.

7

when calculating the regular rate required by the FLSA.

48. By its failure to include these forms of remuneration in calculating FLSA Overtime due Plaintiffs and similarly situated employees, Defendant Medford has underpaid Plaintiffs wages due and owing them, thereby violating the FLSA, and causing Plaintiffs to suffer harm, injury, and damages.

49. Plaintiffs have filed FLSA Consent Forms in this action.[7]

## COUNT II
**Failure to Make Timely Payment of FLSA Overtime-
Violation of the FLSA**

50. Plaintiffs repeat all allegations made in this complaint.

51. The FLSA requires FLSA Overtime to be paid in the pay period in which it is earned.

52. Because Defendant Medford does not make a proper regular rate calculation, it does not pay the FLSA Overtime due Plaintiffs in the pay periods in which they earn it, in violation of the FLSA.

53. Defendant Medford's violation of the law has harmed injured and damaged Plaintiffs.

## COUNT III
**Failure to Make Timely Payment of Earned Wages-
Violation of G.L. c. 149, § 148
CBA Straight Time Pay and CBA Premium Pay**

---

[7] See Docket 1, Ex. 4, Document 1-6 (consents filed with the original complaint) and Docket 4, Ex. 1, Document 4-1 (consents filed on April 7, 2021).

54. Plaintiffs repeat all allegations made in this complaint.

55. Defendant Medford's employment of Plaintiffs is covered by the Massachusetts Wage Act, G.L. c. 149, § 148 ("the Wage Act").

56. Under Wage Act, a covered employer has to pay covered employees all earned wages within "six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week, or to within seven days of the termination of the pay period during which the wages were earned if such employee is employed seven days in a calendar week . . .."

57. Under the Wage Act, there are no circumstances by which a covered employer can lawfully detain an employee's earned wages beyond these time periods, or consider the employee to have forfeited earned wages for any reason.

58. A wage is earned under the Wage Act where the employee has completed the labor, service, or performance required of him. *Calixto v. Coughlin*, 481 Mass. 157, 160 (2018), *citing Awuah v. Coverall N. Am. Inc*, 460 Mass. 484, 492 (2011).

59. Here, the CBAs have obligated Defendant Medford to pay Plaintiffs straight time wages at the rates set forth in Appendix A[8] of the CBAs for the work they perform during their regularly scheduled hours of work. Hereinafter these wages will be referred to as "CBA Straight Time Wages."

---

[8] Ex. 1 and Ex. 2, CBAs, Appendix A in each.

60. In addition, the CBAs have called for Defendant Medford to pay Plaintiffs premium payments greater than the CBAs' Straight Time Wages, including for certain work they perform outside their regularly scheduled hours of work. Hereinafter, these wages will be referred to as "CBA Premium Wages", and include:

   a. Hourly pay at the rate of "time and one-half" for work performed for:

      i. "outside use of the buildings after 4 p.m.";[9]

      ii. "rentals";[10]

      iii. working upon "request during any part of their vacation period";[11] or

      iv. attending court for a "work-related" matter;[12]"

   b. "a minimum of four (4) hours pay at the rate of time and one-half" if on a scheduled holiday, a Plaintiff "checks his/her building, raises the flags, is called in, works on a rental or otherwise works . . ..";[13]

   c. a minimum of two hours pay at "the rate of time a one one-half" for building checks on Saturdays, Sundays, or any other time outside the Plaintiffs' regular hours, for call-ins, night rentals;[14]

---

[9] Ex. 1 and Ex. 2, CBAs, Article 8, Hours and Overtime, § 1.a.
[10] Ex. 1 and Ex. 2, CBAs, Article 8, Hours and Overtime, § 2
[11] Ex. 1 and Ex. 2, CBAs, Article 10, Vacations, § 4.
[12] Ex. 1 and Ex. 2, CBAs, Article 16, Court Leave.
[13] Ex. 1 and Ex. 2, CBAs, Article 9, Vacations, § 2.
[14] Ex. 1 and Ex. 2, CBAs, Article 8, Hours and Overtime, § 7.

    d. a minimum of four hours "pay at time and one-half" if the work described in the previous subparagraph takes more than two hours;[15]

    e. "double time" for any snow shoveling work outside of a Plaintiff's regular hours that is performed between 12:01 a.m. Sunday morning and 6:59 a.m.;[16]

    f. "double-time" for snow shoveling on Monday mornings.[17]

61. Although Plaintiffs have performed and continue to perform the labor requiring Defendant Medford to pay them CBA Straight Time Wages and the CBA Premium Wages described above, Defendant Medford does not and has not paid Plaintiffs in full all wages required by the CBAs for their performance of their labor, because on an ongoing and continuous basis, since at least March 23, 2018, Defendant Medford hasn't paid Plaintiffs and similarly situated employees at the rates agreed to by collective bargaining agreement and set forth in Appendix A of the CBAs, but on the basis of a separate "rate sheet", which establishes rates of pay that are lower than what Defendant Medford has been required to pay under the CBAs.

62. As a result of its failure to pay Plaintiff at the agreed upon rates for their work, but instead at lower rates, Defendant Medford has unlawfully detained

---

[15] *Id.*
[16] Ex. 1 and Ex. 2, CBAs, Article 8, Hours and Overtime, § 7.
[17] *Id.*

Plaintiffs' earned CBA Straight Time Wages and earned CBA Premium Wages, in violation of the Wage Act.

63. Significantly, under the Wage Act, Plaintiffs may not be deemed to have forfeited their rights to have been paid their earned wages within the time required by the Wage Act for any reason, including by collective bargaining, nor are they prohibited from seeking to enforce their rights under the Wage Act in court as individuals because they are union members, or because their employee union might have undertaken a grievance of Defendant Medford's non-payment of their earned wages.

64. "The fundamental public policy against forfeiture" of the Wage Act "is rooted in the 'special contract' provision of the [Wage Act]," which states: "'No person shall by a special contract with an employee or by any other means exempt himself from this section or from section one hundred and fifty[18].'" *Parris v. Suffolk County*, 93 Mass. App. Ct. 864, 867 (2018), *quoting* G.L. c. 149, § 148; *see also Melia v. Zenhire, Inc.*, 462 Mass. 164, 170 (2012).

65. The special contract provision's prohibition against forfeiture applies with equal force to individual and collectively bargained employment agreements. *Parris*, 93 Mass. App. Ct. at 867.

---

[18] Section 150 of the Wage Act sets forth its enforcement and mandatory penalty provisions.

12

66. Moreover, under G.L. c. 150E, § 7(d), Plaintiffs cannot be viewed as having forfeited their individual rights to enforce the prompt payment of their wages under the Wage Act by virtue of collective bargaining. *Parris v. Suffolk County Sheriff*, 93 Mass. App. Ct. at 465-466, *citing Newton v. Commissioner of the Dept. of Youth Servs.*, 62 Mass. App. Ct. 343, 347 (2004)

67. Plaintiffs and similarly situated employees have been harmed, injured and damaged by Defendant Medford's illegal act in detaining but not paying them their earned wages, in the form of CBA Straight Time Wages and CBA Premium Pay Wages, within the time required by the Wage Act.

68. Plaintiffs have satisfied all prerequisites to suit under the Wage Act.[19]

## COUNT IV
### Violation of the Wage Act
### Failure to Pay FLSA Overtime Within Time Required by the Wage Act

69. Plaintiffs repeat all allegations made in this complaint.

70. Plaintiffs performed the labor necessary to earn the FLSA Overtime to which they were statutorily entitled to receive.

71. With respect to Plaintiffs' FLSA Overtime, Defendant Medford, in violation of the Wage Act, has also unlawfully detained Plaintiffs earned wages, because due to its failure to include all remuneration in Plaintiff's regular rate of pay it

---

[19] *See* Docket 1, Ex. 3, Document 1-5, PRA dated March 25, 2021 ("Ex. 3").

has not and does not pay them all the FLSA Overtime to which they have been entitled.

72. By this conduct, including by failing to pay Plaintiff all their earned wages within the time required by the Wage Act, Defendant has violated the Wage Act, causing harm, injury and damage to Plaintiffs.

# COUNT V
# COLLECTIVE ACTION ALLEGATIONS
# UNDER 29 U.S.C. § 216(b)

73. Plaintiffs seek to bring their FLSA Claims under Counts I and II on behalf of themselves and all those similarly situated individuals pursuant to § 216(b) of the FLSA. Plaintiffs are similarly situated because as unionized employees, their terms and conditions of employment are subject to a collective bargaining agreement and uniformly implemented personnel policies. As set forth below, Plaintiffs and similarly situated employees were all subject to Defendant Medford's illegal practices under the FLSA. Written consents are attached hereto pursuant to § 216(b) of the FLSA.

74. Plaintiffs have filed FLSA Consent Forms in this action.[20]

# COUNT VI
# CLASS ACTION COUNT UNDER THE MASSACHUSETTS WAGE
# ACT

75. Plaintiffs incorporate by reference all allegations made herein.

76. Plaintiffs bring their claims under the Massachusetts Wage Act, Counts III and IV of this Complaint, on behalf of themselves and similarly situated employees as a putative Rule 23 class action pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure for Defendant Medford's violations of the law.

77. The putative Rule 23 Class ("the Rule 23 Class") is defined to include:

> All individuals who from March 23, 2018 to the present
> (the "Class Period") Defendant Medford has employed

---

[20] Docket 1, Ex. 4, Document 1-6; Docket 4, Ex. 1, Document 4-1.

and who were covered employees under the CBA attached here as Exhibits 2 and 3.

78. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown at this time, upon information and belief, Defendant Medford employed more than 30 persons who satisfy the definition of the Rule 23 Class.

79. There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members.

80. Plaintiffs' claims are typical of those of the Rule 23 Class. Plaintiffs, like other members of the Rule 23 Class, were subject to Defendant Medford's illegal wage practices. Plaintiffs and the Rule 23 Class have all been injured in that they have not been paid earned wages due to Defendant Medford's common policies, practices, and patterns of conduct.

81. Plaintiffs will fairly and adequately protect the interests of the Rule 23 Class, and have retained counsel experienced in complex wage and hour class and collective action litigation. There is no conflict between Plaintiffs and the Rule 23 Class members.

82. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual plaintiffs lack the financial resources to vigorously

prosecute separate lawsuits in federal court against a large municipality like Defendant Medford.

83. Class certification of Counts is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Rule 23 Class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant Medford's common and uniform policies and practices denied the Rule 23 Class compensation to which they are entitled. The damages suffered by the individual Rule 23 Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant Medford's practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follow:

A. An order allowing this action to proceed as a representative collective action under the FLSA, 29 U.S.C. § 216(b);

B. An order certifying this action as class action under Rule 23;

C. Judgment awarding Plaintiffs and all similarly situated employees all unpaid FLSA Overtime, liquidated damages, attorney's fees and costs as mandated under the FLSA, 29 U.S.C. § 216(b);

D. Judgment awarding Plaintiffs and all similarly situated employees all unpaid earned wages, treble damages, attorney's fees, and costs as mandated by G.L. c. 149, § 148 and § 150;

E. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

F. All such other and further relief to which Plaintiffs may show themselves to be justly entitled.

## JURY DEMAND

A trial by jury is demanded on all counts so triable.

                Respectfully submitted,

                PLAINTIFFS,

                By their Attorneys,

                s/Daniel W. Rice
                Daniel W. Rice, BBO # 559269
                Harrington & Rice, P.C.
                25 Braintree Hill Office Park, Suite 200
                Braintree, Massachusetts 02184
                (781) 964-8377 (mobile)
                dwr@harringtonrice.com


                s/William T. Harrington
                William T. Harrington (BBO No. 564445)
                Harrington & Rice, P.C.
                738 Main Street
                Hingham, MA 02043
                (781) 385-7230
                wth@harringtonrice.com

Dated: June 21, 2021